IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRADLEY A. EVERTSON,

                Plaintiff,

Vs.                                                     No. 05-4046-SAC

TOPEKA ASSOCIATION FOR
RETARDED CITIZENS,

                Defendant.

ORDER

The case comes before the court on the plaintiff's motion pursuant to Fed. R. Civ. P. Rule 55 for default judgment against the defendant for failure to file an answer within the time allowed by law. (Dk. 9). Rule 55 requires two sequential steps before entry of a default judgment. *Canady v. Erbe Elektromedizin GMBH*, 307 F. Supp. 2d 2, 9 (D.D.C. 2004); *Webster Industries, Inc. v. Northwood Doors, Inc.*, 244 F. Supp. 2d 998, 1003 (N.D. Iowa 2003). Rule 55(a) specifies the first step: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Entry

of default is a prerequisite to default judgment.  *Ramada Franchise Systems, Inc. v. Baroda Enterprises*, 220 F.R.D. 303, 305 (N.D. Ohio 2004).  The burden rests with the party seeking a default judgment to request the clerk for an entry of default and to submit the required proof that the named defendant failed to plead or otherwise defend after being properly served with the complaint and summons. *Canady*, 307 F. Supp. 2d at 9; *Ramada Franchise Systems*, 220 F.R.D. at 305; *Webster Industries, Inc.*, 244 F. Supp. 2d at 1003.  The second step, pursuant to Rule 55(b), is for the moving party then to seek entry of judgment on the default under either subdivision (b)(1) or (b)(2).  *Webster Industries, Inc.*, 244 F. Supp. 2d at 1003.

   The plaintiff's motion for default judgment is premature, as he has failed to accomplish the first step of applying for an entry of default with the clerk of the court.  In its discretion, a court may direct the clerk to enter default when the premature filing furnishes the required proof.  *See Ramada Franchise Systems*, 220 F.R.D. at 305.  The plaintiff's motion, however, does not provide the necessary proof that the named defendant was properly served by accomplishing service upon the attorney, Arthur Palmer.  Thus, the court will not direct the clerk to enter default against the defendant.

   IT IS THEREFORE ORDERED that the plaintiff's motion for default

judgment (Dk. 9)  is denied.

        Dated this 30th day of June, 2005, Topeka, Kansas.


                s/ Sam A. Crow
                Sam A. Crow, U.S. District Senior Judge