IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRADLEY A. EVERTSON,

                Plaintiff,

    Vs.                                      No. 05-4046-SAC

TOPEKA ASSOCIATION FOR
RETARDED CITIZENS,

                Defendant.

ORDER

The case comes before the court on the plaintiff's motion filed pursuant to Fed. R. Civ. P. Rule 55(a) and (b)(1) entitled "Clerks Motion for Default Judgment." (Dk. 12). The plaintiff filed an earlier motion for default judgment against the defendant for failure to file an answer within the time allowed by law. (Dk. 9). Since the plaintiff had not applied first for a clerk's entry of default, the court filed a written order that denied the plaintiff's motion as premature. (Dk. 11). The court's order also declined to instruct the clerk to enter default, as the plaintiff's motion did not provide proof that proper service had been obtained on the named defendant by having served the attorney, Arthur Palmer, named in the plaintiff's complaint. (Dk. 11).

Approximately thirty minutes before the filing of the above court

order, the defendant filed a response entitled, "Motion in Response to Plaintiff's Motion for Default Judgment and to Quash Service and Dismiss for Improper Service, Lack of Personal Jurisdiction and Failure to Serve." (Dk. 10). The timing of the defendant's filing prevented the court from considering it prior to filing the order. Based on the docketing of this filing as a "response" to a motion that had been denied minutes after the response was docketed, the court did not address other matters asserted in the response.[1]

Less than a week after the court's prior order, the plaintiff filed his pending motion. (Dk. 12). The plaintiff argues and avers therein that Arthur Palmer in correspondence has identified himself as an attorney representing the defendant and that the defendant lists only itself as the resident agent with the Secretary of State and names no person as its agent. Finally, the plaintiff denies responsibility for any insufficiency of service, because he is proceeding in forma pauperis. The defendant did not file any response to the plaintiff's most recent motion.

The plaintiff is denied all relief sought in his most recent motion for

---

[1] The court directs the defendant's counsel to D. Kan. Rule 7.1 for guidance in filing motions with supporting memoranda. This court frowns upon the confusing practice of filing a single pleading to serve as both a response to the opposing side's motion and the respondent's motion for other relief. Because the defendant did not file and docket its motion as a separate pleading, the court will not treat the same as pending in this case.

entry of default and default judgment.  The plaintiff has not carried his burden of showing the named defendant, Topeka Association of Retarded Citizens, Inc. ("TARC"), has been properly served with the complaint and summons.  From what appears in the copies of letters written by Arthur Palmer and attached to the plaintiff's motion, the court is not persuaded that Mr. Palmer is "an officer, a managing or general agent, or . . . any other agent authorized by appointment or by law to receive service of process" on behalf of TARC.  Fed. R. Civ. P.  4(h)(1).  Additionally, the defendant submits an affidavit from Arthur Palmer, in which he avers that he is not TARC's registered agent and denies having any authority to accept service of process on TARC's behalf.  Without the necessary proof of proper service, the court will not direct the entry of default or any other relief.

"When a plaintiff is granted in forma pauperis status, the district court is required to serve process for the plaintiff."  *Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003); *see* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, . . . .").  Of course, the plaintiff must cooperate with these efforts and take reasonable steps to identify the defendant by name and address, so that service can be accomplished. *See Weaver v. Boyles*, 172 F. Supp. 2d 1333, 1342 (D. Kan. 2001), *aff'd*, 26 Fed. Appx. 908 (10th Cir. 2002) .  In this case, the plaintiff's complaint identified Arthur Palmer and his law firm's address

3

as the only agent and address for the defendant.  Rather than invite further disputes over this issue by requiring the plaintiff[2] to furnish the defendant's address and agent for service of process, the court instructs the clerk of the court to accomplish service upon the defendant, Topeka Association of Retarded Citizens, Inc., by directing the U.S. Marshal to serve process upon Mary Ann Keating, Executive Director of Topeka Association for Retarded Citizens, 2701 S.W. Randolph Ave. Topeka, KS, 66611-0000.

IT IS THEREFORE ORDERED that the plaintiff's motion for the "Clerks Motion for Default Judgment (Dk. 12) is denied.

IT IS FURTHER ORDERED that the clerk of the court shall accomplish service upon the named defendant as directed above.

Dated this 11th day of October, 2005, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge

---

[2]The plaintiff represents in his filings that the website for the Kansas Secretary of State does not include a resident agent listing for TARC.  The court has reviewed this public website and found TARC's Executive Director named as the resident agent.