IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRADLEY A. EVERTSON,

          Plaintiff,

v.                    Case No. 05-4046-SAC

TOPEKA ASSOCIATION
for RETARDED CITIZENS,

          Defendant.

### ORDER GRANTING PLAINTIFF'S MOTION TO RECONSIDER APPOINTMENT OF COUNSEL

This matter comes before the court upon Plaintiff's Motion to Reconsider Appointment of Counsel (Doc. 7). Previously, this court denied without prejudice Plaintiff's motion to appoint counsel (Doc. 6) and directed Plaintiff to specifically present evidence to the court that he had attempted to independently secure legal representation.[1] Plaintiff then filed his Motion to Reconsider Appointment of Counsel (Doc. 7), listing numerous attorneys and law firms he had consulted with and who declined to represent him.[2] The court now deems Plaintiff's motion ripe for disposition.

**Discussion**

The district court may, in its discretion, appoint counsel for a plaintiff in an employment discrimination action.[3] The discretion granted to the court is extremely broad.[4] A plaintiff has no

---

[1] Order Denying Without Prejudice Motion to Appoint Counsel (Doc. 6) at 2.

[2] *Id.* at 1-2.

[3] *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992).

[4] *Castner,* 979 F.2d at 1420.

constitutional or statutory right to appointed counsel in a federal civil case.[5]

To guide the court's discretion, the Tenth Circuit has identified several factors to be considered when evaluating a motion for appointment of counsel in an employment discrimination case.[6] Before counsel may be appointed, the plaintiff "must make affirmative showings of (1) financial inability to pay for counsel; (2) diligence in attempting to secure counsel; and (3) meritorious allegations of discrimination."[7] In addition, "the plaintiff's capacity to present the case without counsel . . . should be considered in close cases as an aid in exercising discretion."[8]

The Court has reviewed Plaintiff's Application for Appointment of Counsel under these standards. Based on the Court's review of Plaintiff's financial affidavit, and based upon the court having previously granted Plaintiff's Motion to Proceed *In Forma Pauperis,* the Court finds that Plaintiff is financially unable to pay for counsel. In addition, the Court finds that Plaintiff has contacted at least eight attorneys and/or law firms regarding representation in this case and that Plaintiff has been diligent in attempting to secure counsel. Further, based on the Court's review of the Complaint, the Court finds Plaintiff's claims appear to have sufficient merit to warrant the appointment of counsel, although this is a "close case."[9] Because this is a "close case," the Court next considers Plaintiff's

---

[5]*Id.*

[6]*See id.* at 1420-21.

[7]*Id.* at 1421.

[8]*Id.*

[9]*See, e.g., Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992)("[T]he plaintiff's capacity to present the case without counsel . . . should be considered in close cases as an aid in exercising discretion."

capacity and ability to present his case.[10]  Based upon the Court's prior, limited communications with the Plaintiff, the Court concludes that Plaintiff capacity to present this case without counsel is tenuous at best, and that Plaintiff would be aided greatly by the assistance of counsel in this matter.

In light of the above, the Court will grant Plaintiff's Application for Appointment of Counsel. A separate order will be issued naming the counsel to be appointed after the Court has located the appropriate attorney to represent Plaintiff.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reconsider Appointment of Counsel (Doc. 7)  is granted.

**IT IS SO ORDERED.**

Dated this 9th day of February, 2006, at Topeka, Kansas.

 s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge

---

[10]*Id.*